Steven M. Lucks
FISHKIN LUCKS LLP
500 7th Avenue
8th Floor
New York, NY 10018
646.755.9200
slucks@fishkinlucks.com

-and-

David B. Rosemberg (Fla. Bar. 0582239)
(*pro hac vice motion to be filed*)
ROSEMBERG LAW
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
305.602.2008
david@rosemberglaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian corporation, and OAKLEY, INC., a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LOFTY TRADING, INC., a New York corporation, and BEN CHANG FAN, individually,<br><br>Defendants. | Case No. 1:22-cv-10943<br><br>COMPLAINT |

**COMPLAINT**

Plaintiffs Luxottica Group S.p.A. ("Luxottica Group") and Oakley, Inc. ("Oakley") (together, "Plaintiffs" or "Luxottica Group"), through undersigned counsel, hereby sue Defendants Lofty Trading, Inc., and Ben Chang Fan (together, "Defendants"), and allege:

## INTRODUCTION

1. This case concerns the violation of the intellectual property rights of Luxottica Group and Oakley by Defendants' distribution and sale of sunglasses bearing counterfeits of the Ray-Ban and Oakley trademarks (the "Counterfeit Merchandise"). Defendants distributed and sold Counterfeit Merchandise from their business located in New York to a third party retailer located in Hanover, Maryland. Through this action, Luxottica Group and Oakley seek to address Defendants' counterfeiting activities, as well as to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise. Luxottica Group and Oakley have been and continue to be irreparably harmed as a result of Defendants' unlawful actions.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a trademark claim arising under 15 U.S.C. § 1114 (the "Lanham Act").

3. Venue is proper pursuant to 28 U.S.C. § 1391 and Defendants are subject to the Court's personal jurisdiction because Defendants have their principal place of business in this Judicial District, and a substantial part of the events giving rise to the claim in this action occurred within this Judicial District.

## PARTIES

4. Plaintiff, Luxottica Group S.p.A. is an Italian corporation with its principal place of business in Milan, Italy.

2. Plaintiff, Oakley is a corporation organized and existing under the laws of the State of Washington, having a principal place of business in Foothill Ranch, California. Oakley is an indirect wholly owned subsidiary of Luxottica Group S.p.A.

5.     Defendant, Lofty Trading, Inc. is a corporation organized and existing under the laws of the State of New York.  Defendant Lofty Trading operates a retail store located at 41 West 30th Street, New York, New York. 10001.  As alleged herein, Defendant Lofty Trading, Inc. has directly engaged in the distribution and sale of Counterfeit Merchandise within this Judicial District.

6.     Defendant, Ben Chang Fan ("Fan") is an individual residing in Syosset, New York. Fan is the principal owner, officer and an employee of Lofty Trading, Inc., and the conscious and moving force behind that entity's operations.

## FACTUAL ALLEGATIONS

**A.     The World-Famous Luxottica Brands and Products**

7.     Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world.  Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette.

8.     Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

9.     Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Maryland.

10. Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to, those detailed in this Complaint.

11. Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban Trademarks. As a result, products bearing the Ray-Ban Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

12. Luxottica Group is the owner of the following United States Federal Trademark Registrations (the "Ray-Ban Trademarks"):

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | *Ray-Ban* | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
| 1,093,658 | *Ray-Ban* | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| 1,080,886 | RAY-BAN | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles in class 9. |
| 3,522,603 | *Ray-Ban* (red box) | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses in class 9. |
| 1,511,615 | LUXOTTICA ☆☆ | For: eyeglasses, sunglasses, temples and eyeglass frames in class 9. |
| 2,971,023 | RB | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |

13. Luxottica Group has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Trademarks.[1] These registrations are valid and subsisting and the majority are incontestable.

14. The registration of the Ray-Ban Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

15. The registration of the Ray-Ban Trademarks also provides constructive notice to Defendant of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

16. The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

17. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.     The World-Famous Oakley Brand and Products.**

18. Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

19. Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including Maryland.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

20. Oakley has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to, those detailed in this Complaint.

21. Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley Trademarks (defined below).  As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley and have acquired strong secondary meaning.

22. Oakley is the owner of various trademarks under the Oakley brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Oakley Trademarks"), among others:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,984,501 | (Oakley ellipse logo) | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories in class 9. |
| 1,927,106 | (Oakley ellipse logo) | For: printed materials, namely decals and stickers in class 16. |
| 3,151,994 | (Oakley inverted ellipse logo) | For: class 9 protective eyewear, namely spectacles, prescription eyewear, anti glare glasses and sunglasses and their parts and accessories, namely replacement lenses, frames, earstems, and nose pieces; cases specially adapted for spectacles and sunglasses and their parts and accessories |
| 1,980,039 | OAKLEY | For: protective and/or anti-glare eyewear, namely sunglasses, goggles, spectacles and their parts and accessories in class 9. |

23.     Oakley has long been manufacturing and selling in interstate commerce eyewear under the Oakley Trademarks.  These registrations are valid and subsisting and the majority are incontestable.

24.     The registration of the Oakley Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademarks in connection with the goods identified therein and other commercial goods.

25.     The registration of the Oakley Trademarks also provides constructive notice to Defendant of Oakley's ownership and exclusive rights in the Oakley Trademarks.

26. The Oakley Trademarks qualify as famous trademarks, as that term is used in 15 U.S.C. § 1125(c)(1).

27. The Oakley Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**C.     Defendant's Infringing Conduct**

28. In or around April 2021, Defendants distributed and sold to a third-party retailer located in Hanover, Maryland at least one dozen pair of sunglasses and related accessories bearing counterfeits of one or more of the Ray-Ban and Oakley Trademarks.

29. On August 26, 2022, Luxottica Group's representative visited a retail kiosk located inside the Arundel Mills shopping mall at 7000 Arundel Mills Cir, Hanover, MD 21076. During that visit, Luxottica Group's representative discovered that the third-party retailer was advertising, publicly displaying, and offering for sale sunglasses bearing logos and source-identifying indicia and design elements that are imitations of one or more of the Ray-Ban and Oakley Trademarks. Photographs of the kiosk and the sunglasses being offered for sale on that day are depicted below:



30.     Luxottica Group's representative purchased one pair of sunglasses bearing counterfeits of one or more of the Ray-Ban Trademarks, and one pair of sunglasses bearing one or more of the Oakley Trademarks for a total of $53.02, including sales tax.   Photographs of the counterfeit sunglasses purchased on that day are depicted below:







31.     Luxottica Group, on behalf of itself and Oakley, has inspected each of the items that were purchased on that day and determined that the sunglasses bearing reproductions of the Ray-Ban and Oakley Trademarks were in fact counterfeit products that infringed one or more of the Ray-Ban and Oakley Trademarks.  Specifically, the sunglasses and accessories contained markings that were inconsistent with markings found on authentic Ray-Ban and Oakley trademarked sunglasses and accessories.

32.     The third-party retailer subsequently provided the identity of its supplier (e.g., the Defendants) as well as a copy of purchase invoice relating to the Counterfeit Merchandise.

33. Defendants, without any authorization, license, or other permission from Luxottica Group or Oakley have used one or more of the Ray-Ban and Oakley Trademarks in connection with the distribution and sale of the Counterfeit Merchandise.

34. The forgoing acts of Defendants constitutes direct and willful trademark infringement in violation of the Lanham Act.

35. Upon information and belief, Defendant Fan was directly involved in approving the distribution and sale of the Counterfeit Merchandise, and therefore he was a direct participant in the infringing activities alleged herein.

36. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise distributed and sold by Defendants is authentic or authorized products of Luxottica Group and Oakley.

37. The activities of Defendants, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group and Oakley.

38. Defendants are well-aware of the extraordinary fame and strength of the Ray-Ban and Oakley brands, the Ray-Ban and Oakley Trademarks, and the incalculable goodwill associated therewith.

39. Defendants' knowing and deliberate hijacking of Luxottica Group's and Oakley's famous trademarks, and sale of Counterfeit Merchandise has caused, and continues to cause, substantial and irreparable harm to Luxottica Group's and Oakley's goodwill and reputation. In addition, the damage caused by Defendants is especially severe because the Counterfeit

Merchandise is cheap and inferior in quality to products bearing authentic Ray-Ban and Oakley Trademarks.

40.     By facilitating and participating in the counterfeiting activities of Lofty Trading, Inc., Defendant Fan has acted with reckless disregard for, and in bad faith and with willful blindness toward Luxottica Group and Oakley, and their respective trademarks.

41.     The harm being caused to Luxottica Group and Oakley is irreparable and Luxottica Group and Oakley do not have an adequate remedy at law. Luxottica Group and Oakley therefore seek the entry of an injunction preventing the sale of Counterfeit Merchandise by Defendants.

42.     Luxottica Group and Oakley also seek damages as a result of Defendants knowing, deliberate and willful disregard of the activities infringing Luxottica Group's and Oakley's Trademarks.

## COUNT I
### Trademark Infringement
**(15 U.S.C. § 1114)**

43.     Luxottica Group and Oakley repeat and reallege the allegations set forth in Paragraphs 1 through 42 above.

44.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of one or more of the Ray-Ban and Oakley Trademarks.

45.     Defendants have distributed and sold merchandise bearing counterfeits of one or more of the Ray-Ban and Oakley Trademarks without Luxottica Group's or Oakley's permission.

46.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into

believing that Counterfeit Merchandise sold by Defendants is authentic or authorized product of Luxottica Group and Oakley.

47. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group and Oakley.

48. Defendants have directly and willfully infringed Luxottica Group's and Oakley's Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Luxottica Group S.p.A. and Oakley, Inc. respectfully request that this Court enter judgment in their favor and against Defendants Lofty Trading, Inc. and Ben Chang Fan, jointly and severally, as follows:

A. Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1116, preliminarily and permanently restraining and enjoining Defendants, their agents, employees, and all those persons or entities in active concert or participation with them from:

1. importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear Ray-Ban and Oakley Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Luxottica Group's and Oakley's rights in their respective Ray-Ban and Oakley Trademarks;

    2. engaging in any other activity constituting unfair competition with Luxottica Group and Oakley, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of any trademark, service mark, name, logo, design and/or source designation associated with the Ray-Ban and Oakley Trademarks.

  C. Requiring Defendants to file with this Court and serve on Luxottica Group and Oakley within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

  D. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendant, have been authorized by Luxottica Group and Oakley, or is related in any way with Luxottica Group and Oakley and their products;

  E. Awarding Luxottica Group and Oakley statutory damages for willful trademark counterfeiting in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

  F. Awarding Luxottica Group and Oakley their costs, investigatory fees, and expenses;

  G. Awarding Luxottica Group and Oakley pre-judgment interest on any monetary award made part of the judgment against Defendants; and

  H. Awarding Luxottica Group and Oakley such additional and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group and Oakley request a trial by jury in this matter.

Dated: New York, NY
December 28, 2022

s/ *Steven M. Lucks*
Steven M. Lucks
FISHKIN LUCKS LLP
500 7th Avenue
8th Floor
New York, NY 10018
646.755.9200
slucks@fishkinlucks.com

-and-

David B. Rosemberg (Fla. Bar. 0582239)
(*pro hac vice motion to be filed*)
ROSEMBERG LAW
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
305.602.2008
david@rosemberglaw.com

*Attorneys for Plaintiffs*
